IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARMAINE BACA

                Plaintiff,

v.

MORRIS RODRIGUEZ, in his individual capacity, EDDIE JOHNSON, ARLENE HICKSON, and BRANDI MILLER in their individual and official capacities, and CORRECTIONS CORPORATION OF AMERICA,

                Defendants.

NO. 12-CV-00156 BRB/WDS

**PROTECTIVE AGREEMENT AND ORDER**

Upon joint motion by the parties and pursuant to the terms of the following Protective Agreement ("Agreement"), the Court enters the following PROTECTIVE ORDER.

1. For purposes of this Agreement, CONFIDENTIAL INFORMATION means any document or tangible thing, electronic recording or transcript of oral testimony whether or not made under oath, and the content of such document, thing, recording or transcript, designated by any party as confidential because it contains: (1) proprietary information (trade secret, proprietary matter, or other confidential research, development, or commercial information as those terms are used in FED.R.CIV.P. 26); (2) confidential personal information, including, but not limited to the Plaintiff's non-publically available healthcare and mental health information; (3) confidential personal information related to current or former employees, the disclosure of which might invade those current or former employees' privacy; (4) documents containing financial, pricing, or contractual

information; (5) security sensitive information related to the operation of any CCA facility or NMCD facility; and (6) confidential information relating to or identifying current or former inmates (other than Plaintiff), the disclosure of which might invade those inmates' privacy. CONFIDENTIAL INFORMATION is specifically intended to include, but is not limited to: (1) CCA's policies and procedures; (2) NMCD's non-publically available restricted policies and procedures, to the extent, if any, they apply to Plaintiff's claims; (3) CCA training materials, information, and documents and NMCD's non-publically available training documents; (4) Post Orders; (5) CCA's investigative materials, to the extent, if any, they apply to Plaintiff's claims; (7) grievance logs; (8) facility diagrams, including information related to placement of security cameras; and (9) employee files.  By way of example, and not limitation, CONFIDENTIAL INFORMATION may be included in documents, simulations, animations, portions of documents, computer programs and software, magnetic or digital discs, electronically recorded tapes of any sort, transcripts, summaries, notes, abstracts, motions, drawings and any instrument that comprises, embodies or summarizes matter that any party considers confidential.  Nothing in this Order or the acceptance of documents under this Order waives any party's rights to object to the classification of any information as confidential and to submit the issue to the Court for resolution.

2. By way of example, the term "documents" includes but is not limited to correspondence, memoranda, or other printed matter, interoffice and/or intra-corporate communications, letters, statements, contracts, invoices, drafts, charts, work sheets, desk diaries, recordings, specifications, compilations from which information can be obtained and translated as required through detection devices into reasonably usable form, sketches, drawings, notes (including laboratory notebooks and records), disclosures, data, reports, work assignments, instructions, and other writings.

3. It is contemplated that the parties may produce certain of their files and other information pursuant to agreement or subpoena (files and information that contain confidential as well as non-confidential material) and that, at the time of production, the producing party will designate the documents that they deem to contain CONFIDENTIAL INFORMATION. Only documents marked as **"CONFIDENTIAL"** will be subject to this Protective Agreement and the Court's Protective Order. Documents subject to this Agreement will be used by non-producing counsel only in this lawsuit, subject to requests made pursuant to Paragraph 9. CONFIDENTIAL INFORMATION will not be disseminated or produced except in accordance with this Agreement.

4. Whenever a deposition or court proceeding involves the disclosure of a party's CONFIDENTIAL INFORMATION to another party, the following procedure will apply:

    a. The court reporter will be directed to bind those portions of the transcript containing CONFIDENTIAL INFORMATION separately. This request will be made on the record whenever possible.

    b. The cover of any portion of a deposition or court proceeding transcript that contains testimony or documentary evidence that has been designated CONFIDENTIAL INFORMATION will be prominently marked with the legend:

    c. **CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER.**

d. ///

e.  All portions of deposition or court proceeding transcripts designated as CONFIDENTIAL INFORMATION will be sealed and will not be disseminated except to the persons identified in Paragraphs 6 and 8.

5.  All pleadings that contain CONFIDENTIAL INFORMATION shall be filed in the public record in redacted form, with as few redactions as possible. An unredacted version will be filed under seal with the clerk of the court.

6.  Unless otherwise provided in this Order, see Paragraph 8, access to CONFIDENTIAL INFORMATION will be restricted to the Court, its officers and to the following counsel and experts: Attorneys in this action or testifying or consulting experts, where production is required by the Federal Rules of Civil Procedure or a court order. Any attorney or expert to whom disclosure is made will be furnished with a copy of the Protective Order and will be subject to the Order.

7.  CONFIDENTIAL INFORMATION containing address, identifying information, dependent information, or contact information concerning former or current CCA employees will not be disclosed to Plaintiff, any present or former inmate, or member of the general public. Access will be restricted to the attorneys in this action and any consulting or testifying experts. Moreover, CONFIDENTIAL INFORMATION containing proprietary policies, protocols, practices, and directives relating to security procedures utilized either by any CCA employee, at any CCA facility, or at any NMCD facility will not be disclosed to Plaintiff or to any other

present or former inmate.  Defendants will produce the information with the label: **"CONFIDENTIAL/ATTORNEYS' EYES ONLY."**  Confidential information so labeled shall not be disclosed to Plaintiffs, the public, or to any other present or former inmate, and will be handled accordingly at all times barring a written agreement by the defendants to modify or remove the designation or a court order.  The terms of this Protective Order are not to be construed as an agreement by CCA or NMCD, or their employees, to disclose security sensitive information related to the operation of any CCA or NMCD facility.

8. While this Protective Order intends to limit the Plaintiff's access to certain information as set forth in Paragraph 7, nothing in this Protective Order limits Plaintiff from viewing her own CONFIDENTIAL INFORMATION, which includes Plaintiff's non-publically available medical and mental health records.

9. If Plaintiff's counsel or experts are required by law or court orders to disclose Defendants' CONFIDENTIAL INFORMATION to any person or entity not identified in paragraph 6, the name of that person or entity will be furnished to CCA as far in advance of disclosure as is reasonably possible (ideally, not less than two weeks), so that Defendants may object and seek further protection as necessary.  Once an objection has been made, there will be no disclosure until the matter is resolved, unless disclosure is required by law or court order.  Any person not listed in Paragraph 6

who is then entitled to receive CONFIDENTIAL INFORMATION must be furnished with a copy of the Protective Order.

10. Upon completion of this litigation, if Plaintiff's counsel desires to use the documents or CONFIDENTIAL INFORMATION produced pursuant to this Agreement in any other lawsuit, Plaintiff's counsel must first request in writing permission from the Office of the General Counsel of CCA and/or Struck, Wieneke & Love, PLC related to CCA's Confidential Information, or from the General Counsel of NMCD related to NMCD's Confidential Information. The request must be made in sufficient time (not less than two weeks) for CCA and/or Struck, Wieneke & Love, PLC, or NMCD's General Counsel to adequately respond. If permission is given, all terms of this Agreement will apply to use of the CONFIDENTIAL INFORMATION in any other lawsuit. If permission is not given, Plaintiff's counsel agrees not to use the documents produced in this litigation in any other subsequent litigation.

11. Counsel for various parties retains the right to challenge the designation of a particular document as CONFIDENTIAL INFORMATION. The burden of proof with respect to the propriety or correctness in the designation of information as CONFIDENTIAL INFORMATION will rest on the designating party.

12. Upon completion of the litigation, counsel and their experts shall return, or by agreement of the parties may provide

a Certificate of Destruction, to the producing party any CONFIDENTIAL INFORMATION produced in this action, subject to Paragraph 9.

13. Nothing in this Protective Agreement precludes Plaintiff or Defendants from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from the Protective Order.

14. Each person designated in Paragraph 6, by receiving and reading a copy of the Protective Order entered by the Court as part of this Agreement, agrees to abide by its provisions and to see that its provisions are known and adhered to by those under his or her supervision or control, and to submit to the jurisdiction of the Court in the event the Order or Agreement is breached.

15. Without waiving any objections to relevance, admissibility, or any other evidentiary issues, the attorneys for both Plaintiff and Defendants agree that documents or information disclosed pursuant to or under the terms of this Protective Order and designated as Confidential may also be utilized in the case of *Pena v. CCA*, et al., without constituting a violation of the terms of this Protective Order.  If such information or documents are utilized in the *Pena v. CCA* matter, such information and/or documents will also be treated as Confidential and will be handled in the manner set forth in this Protective Order.

Dated: January 7, 2013.

_____
W. Daniel Schneider
United States Magistrate Judge